UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Land O'Lakes, Inc.,<br><br>                     Plaintiff,<br>v.<br><br>Grassland Dairy Products, Inc.,<br><br>                     Defendant. | Case No. _____<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

For its Complaint against Defendant, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Land O'Lakes, Inc. ("Land O'Lakes") is a Minnesota cooperative corporation with its principal place of business located in Arden Hills, Minnesota. Under 28 U.S.C. § 1332(c)(1), Land O'Lakes is a citizen of the State of Minnesota.

2. Defendant Grassland Dairy Products, Inc. ("Grassland") is a Wisconsin corporation with its principal place of business located in Greenwood, Wisconsin. Under 28 U.S.C. § 1332(c)(1), Grassland is a citizen of the State of Wisconsin.

3. The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1) based upon the complete diversity of citizenship between Land O'Lakes and Grassland and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

4. The Court has personal jurisdiction over Grassland under Minn. Stat. § 543.19, subd. 1 and the personal-jurisdiction and venue provision contained in the contracts at issue in this case.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

**FACTS COMMON TO ALL COUNTS**

6. Land O'Lakes is engaged in the business of producing and distributing dairy products.

7. Grassland is also engaged in the business of producing and distributing dairy products.

8. For many years, Land O'Lakes has purchased dairy products from Grassland to use as ingredients to produce cheese products at its plant in Spencer, Wisconsin.

9. One product that Land O'Lakes has purchased from Grassland is buttermilk powder in fifty pound bags. Grassland identifies this product as "# 90905B Buttermilk Powder 50#" ("Buttermilk Powder").

10. On or about December 11, 2020, Grassland issued a Specification for Buttermilk Powder. In its Specification, Grassland warranted, among other things, that its Buttermilk Powder would be "free from . . . foreign material." A true and correct copy of Grassland's Specification is attached to this Complaint as Exhibit A.

11. On or about December 15, 2020, Land O'Lakes submitted Purchase Order Nos. 50986531 and 50986532 (collectively "the Purchase Orders") to Grassland to purchase 1,760 bags of Buttermilk Powder. The Purchase Orders provided that Land O'Lakes' Purchase Terms and Conditions, which were attached to and incorporated into

the Purchase Orders, would govern the purchase transactions. True and correct copies of the Purchase Orders are collectively attached to this Complaint as Exhibit B.

12. Under Land O'Lakes' Purchase Terms and Conditions, Grassland contracted and agreed that its Buttermilk Powder would, among other things, conform to all applicable specifications, be free from any defects, be of merchantable quality and be fit for Land O'Lakes' particular use. Grassland further contracted and agreed that Land O'Lakes would be entitled to pursue all available remedies in the event of any breach by Grassland, including recovery of incidental and consequential damages. Finally, Grassland contracted and agreed that Land O'Lakes would be entitled to recover all of its attorney fees, expert-witness fees, costs and disbursements relating to or arising out of any breach by Grassland.

13. Grassland never made any objection of any type to the Purchase Orders, including Land O'Lakes' Purchase Terms and Conditions attached to and incorporated into the Purchase Orders.

14. Grassland accepted the Purchase Orders, including Land O'Lakes' Purchase Terms and Conditions attached to and incorporated into the Purchase Orders.

15. Pursuant to the Purchase Orders, Grassland shipped 1,760 bags of Buttermilk Powder to Land O'Lakes' plant in Spencer, Wisconsin, on or about January 26 and 28, 2021 ("Subject Buttermilk Powder").

16. Land O'Lakes paid Grassland a total of $97,328.00 for the Subject Buttermilk Powder.

17. Land O'Lakes began using the Subject Buttermilk Powder during the third shift at its Spencer plant on January 27, 2021, to produce two cheese products, Sliced White

American Cheese and Golden Velvet Cheddar Cheese Spread (collectively "the Finished Products").

18. During a routine inspection, Land O'Lakes noticed blue plastic specs in the Finished Products. Blue plastic specs were also found in work-in-process for the Finished Products, equipment for the production lines for the Finished Products and the unused Subject Buttermilk Powder.

19. At the time it discovered the blue plastic specs, Land O'Lakes had already produced a total of 55,350 pounds of Sliced White American Cheese and 189,300 pounds of Golden Velvet Cheddar Cheese Spread using the Subject Buttermilk Powder.

20. The presence of the blue plastic specs in the Finished Products rendered the Finished Products adulterated, unmerchantable and unsuitable for sale and distribution.

21. The Subject Buttermilk Powder also contaminated work-in-process and ingredients used to make the Finished Products, consisting of reground cheese, blended ingredients and slurry (buttermilk and whey). The following quantities of work-in-process and ingredients were contaminated and damaged by the Subject Buttermilk Powder:

| Ingredient | Pounds |
| --- | --- |
| Blended Ingredients | 27,036 |
| Reground Cheese | 7,314 |
| Buttermilk | 1,320 |
| Whey | 872 |

22. Land O'Lakes had to undertake extensive cleaning of the two production lines used to produce the Finished Products that were contaminated by the Subject

Buttermilk Powder. The cleaning resulted in a total of 23.5 hours of downtime for the Spencer plant.

23. On January 28, 2021, Land O'Lakes notified Grassland of the blue plastic specs found in the Subject Buttermilk Powder, Finished Products, work-in-process and ingredients and the equipment for the production lines and provided Grassland with a Corrective/Preventative Action ("CAPA") Request Form.

24. Grassland conducted an investigation and determined that the blue plastic specs came from a conveyer belt or tool at its Greenwood plant. On February 3, 2021, Grassland completed the CAPA Form, acknowledged the source of the blue plastic specs and stated that it would retrain its personnel regarding tool integrity inspections and implement a microscope verification step for Buttermilk Powder as a preventative/corrective action. A true and correct copy of the CAPA Form completed by Grassland is attached to this Complaint as Exhibit C.

25. Land O'Lakes returned 1,487 bags of the Subject Buttermilk Powder to Grassland. Land O'Lakes paid a total of $82,231.10 for the Subject Buttermilk Powder returned to Grassland.

26. As a direct and proximate result of the Subject Buttermilk Powder, Land O'Lakes suffered substantial losses and damages, including the value of the Finished Products, work-in-process and ingredients damaged by the Subject Buttermilk Powder, downtime losses, disposal costs and the purchase price paid for the Subject Buttermilk Powder that Land O'Lakes returned to Grassland. The total amount of Land O'Lakes' damages and losses is expected to exceed the sum of $400,000.00.

27. On or about February 24, 2021, Land O'Lakes sent Grassland a formal letter notifying Grassland of its breaches of contract and warranty and the losses and damages Land O'Lakes had incurred as a result of the Subject Buttermilk Powder. A true and correct copy of Land O'Lakes' February 24, 2021, letter is attached to this Complaint as Exhibit D.

28. Despite Land O'Lakes' February 24, 2021, letter, Grassland failed and refused to compensate Land O'Lakes for any of its losses or damages.

29. Land O'Lakes has incurred, and will continue to incur, attorney fees and costs in connection with prosecuting this case.

30. Land O'Lakes has satisfied all conditions necessary to the commencement and prosecution of this case. Among other things, Land O'Lakes provided Grassland with proper and timely notice of its claims and Grassland's breaches of contract and warranty as required by Minn. Stat. §§ 336.2-607(3)(a) and 549.09.

31. Under Land O'Lakes' Purchase Terms and Conditions, all sales of any products by Grassland to Land O'Lakes are governed by Minnesota law. Any dispute relating to or arising out of the sale of any products by Grassland to Land O'Lakes is required to be venued in state or federal court in Minnesota. Grassland consented to personal jurisdiction in Minnesota and waived any claim that venue in Minnesota would be inconvenient or improper.

# COUNT I
# BREACH OF CONTRACT

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

32. Land O'Lakes' Purchase Terms and Conditions governed the sale and purchase of the Subject Buttermilk Powder.

33. Under Land O'Lakes' Purchase Terms and Conditions, Grassland contracted and agreed that the Subject Buttermilk Powder would, among other things, conform to all applicable specifications, be free from any defects, be of merchantable quality and be fit for Land O'Lakes' particular use.

34. Grassland breached its contractual obligations to Land O'Lakes. The Subject Buttermilk Powder failed to comply with Grassland's Specification because it contained foreign material. The blue plastic specs contained in the Subject Buttermilk Powder also rendered it defective, unmerchantable and unfit for Land O'Lakes' particular use.

35. As a direct and proximate result of Grassland's breaches of contract, Land O'Lakes has incurred damages in excess of $400,000.00. Land O'Lakes is entitled to recover its damages from Grassland.

36. Land O'Lakes is also entitled to recover prejudgment interest and all of its attorney fees and costs from Grassland.

## COUNT II
## BREACH OF EXPRESS WARRANTY

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

37. Grassland made a number of express warranties to Land O'Lakes regarding the Subject Buttermilk Powder, including that the Subject Buttermilk Powder would conform to all applicable specifications, be free from any defects, be of merchantable quality and be fit for Land O'Lakes' particular use.

38. In its Specification, Grassland further expressly warranted that the Subject Buttermilk Powder would be "free . . . from foreign material."

39. Land O'Lakes relied upon Grassland's express warranties in purchasing the Subject Buttermilk Powder.

40. Grassland's express warranties became part of the basis of the bargain between Grassland and Land O'Lakes with respect to the sale and purchase of the Subject Buttermilk Powder.

41. Grassland breached its express warranties to Land O'Lakes. The Subject Buttermilk Powder failed to comply with Grassland's Specification because it contained foreign material. The blue plastic specs contained in the Subject Buttermilk Powder also rendered it defective, unmerchantable and unfit for Land O'Lakes' particular use.

42. Land O'Lakes provided Grassland with proper and timely notice of its breach of its express warranties as required by Minn. Stat. § 336.2-607(3)(a).

43. As a direct and proximate result of Grassland's breach of its express warranties, Land O'Lakes has incurred damages in excess of $400,000.00. Land O'Lakes is entitled to recover its damages from Grassland.

44. Land O'Lakes is also entitled to recover prejudgment interest and all of its attorney fees and costs from Grassland.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

45. Grassland is a "merchant" with respect to Buttermilk Powder within the meaning of Minn. Stat. § 336.2-104(1).

46. As a merchant of Buttermilk Powder, Grassland impliedly warranted that the Subject Buttermilk Powder would be "merchantable" under Minn. Stat. § 336.2-314(1).

47. The blue plastic specs contained in the Subject Buttermilk Powder rendered it unmerchantable.

48. Land O'Lakes provided Grassland with proper and timely notice of its breach of the implied warranty of merchantability as required by Minn. Stat. § 336.2-607(3)(a).

49. As a direct and proximate result of Grassland's breach of the implied warranty of merchantability, Land O'Lakes has incurred damages in excess of $400,000.00. Land O'Lakes is entitled to recover its damages from Grassland.

50. Land O'Lakes is also entitled to recover prejudgment interest and all of its attorney fees and costs from Grassland.

# COUNT IV
# BREACH OF IMPLIED WARRANTY OF FITNESS FOR
# A PARTICULAR PURPOSE

Land O'Lakes restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

51. Grassland knew or had reason to know that Land O'Lakes was using Buttermilk Powder that Land O'Lakes purchased from Grassland, including the Subject Buttermilk Powder, for a particular purpose, namely to produce cheese products.

52. Grassland knew or had reason to know that Land O'Lakes was relying on Grassland's skill, judgment and expertise to furnish suitable Buttermilk Powder in response to the Purchase Orders.

53. Land O'Lakes relied upon Grassland's skill, knowledge and expertise to furnish suitable Buttermilk Powder in response to the Purchase Orders.

54. Under Minn. Stat. § 336.2-315, Grassland impliedly warranted that the Subject Buttermilk Powder would be fit for use to produce cheese products.

55. The blue plastic specs contained in the Subject Buttermilk Powder rendered it unfit for use to produce cheese products.

56. Land O'Lakes provided Grassland with proper and timely notice of its breach of the implied warranty of fitness for a particular purpose as required by Minn. Stat. § 336.2-607(3)(a).

57. As a direct and proximate result of Grassland's breach of the implied warranty of fitness for a particular purpose, Land O'Lakes has incurred damages in excess of $400,000.00. Land O'Lakes is entitled to recover its damages from Grassland.

58. Land O'Lakes is also entitled to recover prejudgment interest and all of its attorney fees and costs from Grassland.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, Land O'Lakes hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Land O'Lakes respectfully prays for this Court's judgment as follows:

1. Awarding Land O'Lakes damages against Grassland in an amount to be proved at trial in excess of $400,000.00;

2. Awarding Land O'Lakes prejudgment interest, including prejudgment interest recoverable under Minn. Stat. § 549.09;

3. Awarding Land O'Lakes all of its attorney fees, expert-witness fees, costs and disbursements; and

4. Granting Land O'Lakes all such other and further relief as the Court deems just and equitable under the circumstances.

LAND O'LAKES, INC.

Dated: December 20, 2021

By: s/Jonathan C. Miesen
Jonathan C. Miesen
Associate General Counsel-Litigation
Minn. Atty. Reg No. 19752X

Emily Dollerschell
Associate Counsel-Litigation
Minn. Atty. Reg No. 0278221

4001 Lexington Avenue North
Arden Hills, Minnesota 55126
Telephone: (651) 375-5985
Facsimile: (651) 234-0535
E-mail: jcmiesen@landolakes.com
edollerschell@landolakes.com

Attorneys for Plaintiff